# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 7421 | **DATE** | December 5, 2011 |
| **CASE TITLE** | CK FRANCHISING v. ALICE HOME SERVICES, INC. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss for lack of capacity or authority to sue [29] is denied. Status hearing reset for December 12, 2011 at 10:00 a.m.

## STATEMENT

Plaintiff CK Franchising, Inc. ("Plaintiff" or "CKF") is an Ohio corporation with its principal place of business in Dayton, Ohio. CKF is the franchisor of independently owned and operated franchises whose business is to provide non-medical, in-home elder assistance. CKF sues Defendants, Alice Home Services, Inc. ("AHS") and Peter and Teresa Jacobsen ("Defendants"), former franchisees of CKF, for alleged violations of their franchise agreement. Specifically, CKF claims that Defendants are operating a business which directly competes with CKF franchises, in violation of a non-competition provision and various guarantees of the contract. CKF seeks a preliminary injunction to enforce the non-competition provision.

Before me here is a motion to dismiss brought by Defendants arguing that CKF has no capacity to sue in Illinois state or federal courts in light of the "door-closing" provision of the Illinois Business Corporation Act. *See RehabCare Group E., Inc. v. Camelot Terrace, Inc.*, 2010 U.S. Dist. LEXIS 132581, *11-17 (N.D. Ill. Dec. 15, 2010) (discussing 805 Ill. Comp. Stat. 5/13.70). The motion to dismiss is denied because the Plaintiff is engaged in "interstate commerce."

The Illinois Business Corporations Act ("the Act") bars foreign corporations from bringing lawsuits in Illinois courts if such a corporation lacks the requisite authority to conduct business in the state from the Illinois' Secretary of State. Defendants maintain the Plaintiff lacks a "Certificate of Authority to Transact Business in Illinois," is nevertheless operating a business in Illinois, and is therefore barred from bringing a civil action here.[1] The defendant seeking to enforce the bar bears the burden. *Subway Restaurants, Inc. v. Riggs*, 696 N.E.2d 733, 737 (Ill. App. Ct. 1998).

Defendants have not carried their burden here because of the existence of a critical exemption to the Act. In *Textile Foods Corp. v. Roundtree*, 233 N.E.2d 376 (Ill. 1968), the Supreme Court of Illinois held that corporations were exempt from the door-closing provision if the transaction at the heart of the lawsuit was one "involving interstate commerce." This exemption is alive and well today. *See, e.g., Bank of America,*

**STATEMENT**

*N.A. v. Ebro Foods,* 948 N.E.2d 685 (Ill. App. Ct. 2011). The transactions at issue in this case are the franchising agreement between Plaintiff, an Ohio corporation, and the Illinois Defendants. These transactions are ones involving interstate commerce. Defendants argue that this is not so because, in essence the underlying business operations are domestic: "providing in home care to Illinois residents is about as localized a conduct as one could imagine." Def"s. Reply Br. at 5. But the interaction of the individual franchise with its customers is not the relevant transaction. The relevant transaction for this lawsuit is the interaction of the Plaintiff corporation with its independently owned and operated franchises. That is interstate commerce, and hence the court-made exemption operates in full.

    The motion to dismiss is DENIED.

1.Courts have held - and the parties do not dispute - that the bar applies to federal courts sitting in diversity. *See RehabCare*, 2010 U.S. Dist. LEXIS at *9.